QUINCEY W. PEACOCK v. A. J. P. HARRIS, Ex'r.

*Will—Executors—Statute of Limitations—Laches—Parties.*

A testator devised and bequeathed real and personal estate to his son for life, with a limitation over if he should die without issue. The ex-

ecutor was *authorized* to sell the land and invest the proceeds for the benefit of those entitled to the estate. The executor, having sold the land, turned over the purchase money, in the year 1858, to the testamentary guardian of the son, and a part of it was lost by the insolvency of such guardian ; *Held,*

(1.) That the executor should have *invested* the money in the purchase of other property or in public or private securities, as directed by the testator, and retained the substituted fund under his control, for the benefit of the parties entitled.

(2.) That he was guilty of a breach of trust in turning over the *corpus* of the fund to the guardian.

(3 ) That the claim of the legatees against the executor was not barred by the statute of limitations, or by the efflux of time giving rise to the presumption of a settlement.

(4.) That the contingent interest of the ulterior legatees should be represented by making them parties to the action to secure the fund.

(*Smith* v. *Barham*, 2 Dev. Eq., 420; *Ritch* v. *Morris*, 78 N. C., 377 ; *Edwards* v. *University*, 1 Dev. & Bat. Eq , 325; *Bird* v. *Graham*, *Ib.*, 168; *State* v. *McGowen*, 2 Ired. Eq., 9; *Foscue* v. *Foscue*, *Ib.*, 321 ; *Blount* v. *Robeson*, 3 Jones Eq., 73, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of FRANKLIN Superior Court, before *Eure, J.*

Zadock Peacock died in 1856, leaving a will in which after a devise of one-third of his lands to his wife for life, and a bequest to her of certain specified articles of personal property, a year's provisions and seven hundred dollars in money, is contained the following concluding clause :

"Item 3. All the rest and residue of my property of every and all description, whether real or personal or mixed, as well money as other kind of estate and property, including the remainder in the land given my wife as above in lieu of dower, I hereby devise, give and bequeath to my son Quincey Washington Peacock during his natural life, and after his death to his children born in lawful wedlock, and should he die without children born in lawful wedlock, then to be equally divided in remainder between the children of my brothers, Herman and Allen Peacock, and the children

of my sister, Ann W. Lee, all to take share and share alike. I authorise my executor to sell my real estate subject to my wife's dower, and invest the funds for the benefit of the above named legatees, and I do appoint my brother, Alvin Peacock, testamentary guardian of my son Quincey Washington, and I do also appoint Samuel Harris, my good friend, executor to this my last will and testament."

The plaintiff was four years of age at the time of the testator's death, two years after the execution of the will, and his only child. In the year 1857, the executor in exercise of the conferred power made sale of the devised land for the sum of $698, to some unnamed person who soon after reconveyed the same to him. The purchase money was on February 17th, 1858, delivered to the testamentary guardian, by whom a portion of it was expended for the benefit of the ward, and the residue retained uninvested, and lost by his insolvency.

Samuel Harris (the executor) died in 1869, leaving a will and appointing therein the defendant his executor, who has caused the same to be proved, and qualified himself for the discharge of its trusts.

The present action, commenced on October 13th, 1879, has for its object to charge the defendant's testator with the proceeds of the sale of the land for his dereliction of duty in not re-investing the money, and securing it for the persons and upon the trusts specified and mentioned in the will.

The defendant denied the personal liability of his testator in the premises, and relies upon the bar of the statute of limitations as a defence to the claim.

The facts stated, embodied in a case agreed, were submitted to His Honor, who if of opinion with the plaintiff should order an account and give such relief as the plaintiff was entitled to. The court upon consideration adjudged

that the plaintiff was not entitled to recover and dismissed the action and the plaintiff appealed.

*Messrs. Reade, Busbee & Busbee, Timberlake* and *Conner & Woodard,* for plaintiff.
*Messrs. Davis & Cooke,* for defendant.

SMITH, C. J., after stating the case.  While it does not appear upon what ground this adjudication rests, whether that there has been no breach of trust committed by the deceased executor, or that, if any, the remedy has been lost by lapse of time since the plaintiff became of full age, we do not concur with His Honor in his ruling in either aspect of the case.  In *Smith* v. *Barham,* 2 Dev. Eq., 420, Chief Justice RUFFIN declared it to be the duty of an executor, where a residue of personalty other than slaves is given as such, to sell and convert into money for the benefit of the persons to whom it is bequeathed, and in this way only could their successive interests be preserved.  But the subject has undergone a thorough and searching examination, and the decisions in this state critically reviewed by BYNUM, J., delivering the opinion in the recent case, cited by counsel for the plaintiff—*Ritch* v. *Morris,* 78 N. C., 377.  The testator gave to two living daughters, and the children of a deceased daughter, undivided parts of a residuary fund, "" during the term of their natural lives, and at the death of each, to descend to the children of each, share and share alike, my said daughters during life to use the profits arising or accruing from their estate respectively, and to enure to their sole and separate and exclusive use and benefit, and at the death of each to descend as aforesaid."  In the construction of this clause the court say, " the purpose of the testator here to benefit the remaindermen would be in a great measure defeated, if the legatees for life were entitled to the possession of the property," and conclude thus: " It

has become the general rule of the English courts of equity, and the same rule prevails in this state, that where personal property is bequeathed for life with remainder over, and the bequest is not specific in terms, and there is nothing in the will to show an intention or preference that the life tenant shall enjoy the specific property left, and in the form in which it is left, it must be converted into money as a fund and applied for the benefit of all, *by paying the interest to the legatee for life and the principal to the remainder man.*"

The principle thus laid down applies with full force to the facts of the present case.

It is true the fund here arises from a sale of land, but it becomes thereby personalty in the hands of the executor, and its preservation equally requires its being retained for the contingent limitations in remainder, and the payment to the life tenant of the accruing interest only. The executor is not allowed to pay over the principal money to the guardian of the plaintiff, and thus relieve himself of his assumed trusts under the will, but is required "to invest the funds for the benefit of the above named legatees," and as well for those whose interests are contingent and in remainder, as for the present benefit of the plaintiff.

The executor has not *invested* the money as the testator directs him to do, in the purchase of other property, or in public or private securities, as in his discretion he should deem most advantageous to the parties, and retained the substituted fund under his control for the use of the legatees; but in the attempt to divest himself of fiduciary responsibility has caused its total loss. The right of the testamentary guardian is no greater than that of an adult legatee to receive the whole fund, and he is but the legal protector of the interests of his ward, not the trustee for all the beneficiaries appointed in the will.

Nor will the statute release the estate of the deceased executor from liability to account. The bar is not interposed

between the *cestui que trust* and the trustee of an express trust to shield the latter from the equitable claims of the former, and the lapse of time avails only when it raises a presumption of settlement and discharge. *Edwards* v. *University,* 1 Dev. & Bat. Eq., 325; *Bird* v. *Graham,* Ib. 168; *State* v. *McGowen,* 2 Ired. Eq., 9; *Foscue* v. *Foscue, Ib.,* 321; *Blount* v. *Robeson,* 3 Jones Eq., 73.

It does not appear whether any of the ulterior legatees are living, and if any are, they and the representatives of such as are dead should become parties to an action directed to the securing of a fund in which they have an interest, though it be contingent. So far as the testamentary guardian has legally expended portions of the fund upon his ward, their amount should be appropriated to his accruing interest and *pro tanto* exonerate the estate of the deceased executor from the payment thereof.

We therefore declare there is error in the record, and the judgment below is reversed, and there must be judgment for an account.

Error.                                          Reversed.